**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| In re: | : |
| | : |
|    Elizabeth R. Collins aka | :   Case No.: 10-50990 |
|    Elizabeth Gordon | :   Chapter 7 |
| | :   Judge Joseph M. Scott |
| | : |

.................................................................................

| | |
|---|---|
| **J James Rogan** | : |
| | : |
|    Plaintiff, | : |
| | :   Adv. Pro. No. 10-05065 |
|    vs. | : |
| | : |
| **Litton Loan Servicing, L.P.** | : |
| | : |
| **The Bank of New York Mellon FKA The** | : |
| **Bank of New York as successor to JP** | : |
| **Morgan Chase, N.A., as Trustee for the** | : |
| **Benefit of the Certificateholders of** | : |
| **Popular Abe, Inc. Mortgage Pass-** | : |
| **Through Certificates Series 2005-3** | : |
| | : |
| **AIG Federal Savings Bank d/b/a** | : |
| **Wilmington Finance** | : |
| | : |
| **GMAC Mortgage, LLC** | |
| | |
|    Defendants | |

**MOTION TO DISMISS OF DEFENDANT CITIBANK, NA AS TRUSTEE OF 2007-SV1**

     Now comes Creditor, Citibank, NA as trustee of 2007-SV1 ("Defendant"), by and

through its mortgage servicing agent GMAC Mortgage LLC, by and through counsel, and hereby

moves this Honorable Court pursuant to Federal Civil Rule 12(b)(6), made applicable through

Bank. R. 7012(b), to dismiss the Chapter 7 Trustee's Complaint to Determine Validity, Extent

10-506259-081910-JLT

and Priority of Liens and Sale of Real Property.  A Memorandum in support of this Motion is

attached hereto and incorporated by reference herein.

                                              Respectfully submitted,

                                              /s/ Holly N. Wolf
                                            Holly N. Wolf (KBA #92245)
                                            Manley Deas Kochalski LLC
                                            P.O. Box 165028
                                            Columbus OH  43216-5028
                                            614-220-5611; Fax: 614-627-8181
                                            hnw@mdk-llc.com; kybnkr@mdk-llc.com
                                            Attorney for Defendant

**MEMORANDUM IN SUPPORT**

**I. FACTS**

On January 28, 2005, Debtor Elizabeth Collins, formerly known as Elizabeth Gordon ("Debtor") executed and delivered a Promissory Note ("Note") to Wilmington Finance, a division of AIG Federal Savings Bank ("Wilmington"), in the original principal amount of $33,800.00. To secure payment of the Note, Debtor and Craig Gordon executed a Mortgage ("Mortgage") in favor of Wilmington which was recorded in Fayette County on February 4, 2005. The subject Mortgage conveyed to Wilmington an interest in the real property commonly known as 200 - 202 Simba Way, Lexington, KY, 40509 (the "Property"). The Note was indorsed via an allonge from Wilmington to Sovereign Bank. Sovereign Bank subsequently indorsed the note in blank and Defendant is in possession of the original Note and Mortgage.

On March 25, 2010, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. In her Schedule D, Debtor lists GMAC Mortgage LLC, the loan servicer for Defendant, as a secured creditor. Chapter 7 Trustee Rogan (the "Trustee") has now filed an adversary complaint ("Complaint") related to Case Number 10-50990 on July 15, 2010. In his Complaint, the Trustee states that as a judicial lien creditor, he has priority over the interest of Defendant and that Defendant must file a proof of claim in order to evidence the indebtedness as described in the mortgage. The Trustee's argument is without merit and as a result, Defendant respectfully requests this Honorable Court to dismiss the Complaint.

**II. LAW AND ARGUMENT**

When it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the Court is required to grant a motion brought by a

10-506259-081910-JET

defendant under Rule 12(b)(6) to dismiss. In re Pickerel, 2010 WL 2301190 (Bkrtcy.N.D.Ohio) citing Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811, 113 S.Ct. 2891, 2917, 125 L.Ed.2d 612 (1993). The complaint must articulate more than a bare assertion of legal conclusions. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

> **A. The Trustee cannot avoid Defendant's secured mortgage lien pursuant to the strong-arm powers afforded by 11 U.S.C. §544(a).**

The Trustee asserts that his interest in the Property is superior to the interests of all Defendants because he acquired the status of a judicial lien creditor as of the date of the filing of the Chapter 7 petition under 11 U.S.C. §544(a). This section provides:

> (a) The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> (1) a creditor that extend credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such creditor, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a bona fide purchaser exists [and has perfected such transfer].
>
> (3) A bona fide purchaser of real property, other than fixtures, from the debtor against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such bona fide purchaser exists [and has perfected such transfer].

10-506259-081910-JET

11 U.S.C. §544(a).

Pursuant to §544(a), the Trustee's claim fails because the Trustee, as a judicial lien creditor under the statute, would have constructive notice of Defendant's recorded Mortgage.

An examination of the title for the Property indicates that the Mortgage is properly recorded and provides constructive notice to third parties as intended by Kentucky's recording statutes. The Mortgage was properly notarized and filed for record with the Fayette County Clerk on February 4, 2005. As a result, the Mortgage was properly recorded and places constructive notice on all third parties that the Mortgage is a valid first and only lien on the Property. Moreover, the Trustee has not challenged the validity of the execution of the Mortgage document nor the recording of the Mortgage document. *See Complaint.*

In State Street Bank & Trust Co. v. Heck's Inc., 963 S.W.2d 626,630 (Ky. 1998), the Kentucky Supreme Court held that "constructive notice is established by mere proof that a valid interest in real property is properly recorded in the office of a county court clerk." State Street Bank & Trust Co. *citing* Wides v. Wides' Ex'r, 184 S.W.2d 579, 584 (1944). Based upon the proper recording of the mortgage in the Fayette County Clerk's office, Defendant meets its burden of proof. Since the Mortgage is properly executed and recorded and is a valid first lien on the Property, the properly recorded Mortgage provides constructive notice of the lien on the Property to third parties and the Trustee. Additionally, the Trustee admits that the Mortgage was properly recorded in paragraph 7 of his Complaint. *See Complaint, ¶7.* Therefore, the Trustee may not exercise his strong-arm powers to avoid the Mortgage pursuant to 11 U.S.C. §544(a).

10-506259-081910-JET

**B. Defendant need not file a proof of claim in order to enforce its mortgage.**

The Trustee avers that as a result of "Wilmington and GMAC Mortgage, LLC to file a proof of claims that contained an executed note, properly indorsed, to evidence the indebtedness as described in the January 28, 2005 mortgage described in paragraph no. 7, there is no evidence of indebtedness secured by the recorded mortgage identified in paragraphs no. 7." *See Complaint, ¶23*. However, the Trustee's argument relies on the mistaken belief that Defendant need file a proof of claim in order to "evidence the indebtedness" as described in the mortgage.

A secured creditor in a chapter 7 case need not file a proof of claim unless it wants to preserve the opportunity for a distribution on any unsecured deficiency, because liens remain unaffected by the bankruptcy proceeding absent specific alternation by the court. In re Nowak, 385 B.R. 799 (6th Cir. 2008), citing In re Fink, 366 B.R. 870, 879 (Bankr.N.D.Ind.2007). A secured creditor need not file [a] proof of claim in order to rely upon and to enforce his mortgage. In re Bain, 527 F.2d 681, 686 (6th Cir. 1975). Therefore, Defendant is not required to file a proof of claim to enforce its mortgage and the Trustee's argument that Defendant must "evidence the indebtedness" in its proof of claim is without merit.

Respectfully, Defendant requests this Honorable Court to dismiss the complaint with prejudice.

Defendant hereby notices that the hearing on this Motion to Dismiss shall be held on September 23, 2010 at 9:00 a.m. in the U.S. Bankruptcy Courtroom, 100 East Vine St., Lexington, KY 40507.

10-506259-081910-JET

        Respectfully submitted,

  /s/ Holly N. Wolf
Holly N. Wolf (KBA #92245)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
614-220-5611; Fax: 614-627-8181
hnw@mdk-llc.com; kybnkr@mdk-llc.com
Attorney for Creditor

10-506259-081910-JET

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion to Dismiss was served on the parties listed below via e-mail notification:

Office of U.S. Trustee
Eastern District of Kentucky
Party of Interest
100 East Vine Street, 8th Floor
Lexington, KY  40507

J James Rogan
345 South 4th Street
Danville, KY  40422
jrattorney@bellsouth.net

Blaine J. Edmonds, III
Attorney for Litton Loan Servicing, L.P.
639 Washington Ave
Newport, KY 41071
bedmonds@nsattorneys.com

The below listed parties were served via regular U.S. Mail, postage prepaid on August 19, 2010:

Elizabeth R. Collins aka
Elizabeth Gordon
350 East Short Street, #230
Lexington, KY  40507

Elizabeth R. Collins aka
Elizabeth Gordon
Craig Gordon
200 - 202 Simba Way
Lexington, KY  40509

AIG Federal Savings Bank, d/b/a
Wilmington Finance
PO Box 8733
Wilmington, DE 19899-8733

The Bank of New York Mellon
One Wall Street
New York, NY

  /s/ Holly N. Wolf
Holly N. Wolf

10-506259-081910-JET