IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  ELIZABETH R. COLLINS | : | CHAPTER 13 |
| | : | Jointly Administered |
| Debtors | : | Case No. 10-50990 |
| | : | |
| | : | Judge Joseph M. Scott, Jr. |
| J. JAMES ROGAN, TRUSTEE | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adversary Proceeding No. 10-05065 |
| | : | |
| LITTON LOAN SERVICING, LP, et al. | : | |
| | : | |
| Defendant | : | |

## MOTION TO DISMISS ADVERSARY PROCEEDING

Comes now Defendant, Litton Loan Servicing, LP and The Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3, by and through counsel, and hereby moves this Honorable Court to dismiss the Chapter 7 Trustee's Complaint to Determine Validity, Extent and Priority of Liens, and for Sale of Real Property.  Plaintiff has plead only alledged deficiencies in the Note endorsements and has not alledged any deficiencies with the subject Mortgage.  As a matter of law, the Trustee can only prevail upon a showing of a defect with the Mortgage.  Accordingly, this Motion must be granted.  A Memorandum in support of this Motion is attached hereto.

1

Respectfully submitted,

/s/ Blaine J. Edmonds, III
Blaine J. Edmonds, III (KBA# 90859)
Amanda V. Green, (KBA# 89778)
Nielson & Sherry, PSC
N & S Case No. C0901288
639 Washington Avenue
Newport, KY 41071
Phone: (859) 655-8460
Fax: (859) 655-8461
Email: bankruptcy@nsattorneys.com

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ELIZABETH R. COLLINS | : | CHAPTER 13 |
| | : | Jointly Administered |
| Debtors | : | Case No. 10-50990 |
| | : | |
| | : | Judge Joseph M. Scott, Jr. |
| J. JAMES ROGAN, TRUSTEE | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adversary Proceeding No. 10-05065 |
| | : | |
| LITTON LOAN SERVICING, LP, et al. | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING**

I.  FACTS

On January 28, 2005, Debtor Elizabeth Collins, ("Debtor") executed and delivered a Promissory Note ("Note") to Wilmington Finance, a division of AIG Federal Savings Bank ("Wilmington"), in the original principal amount of $135,200.00. To secure payment of the Note, Debtor executed a Mortgage ("Mortgage") in favor of Wilmington which was recorded in Fayette County on February 4, 2005. The subject Mortgage conveyed to Wilmington an interest in the real property commonly known as 200 - 202 Simba Way, Lexington, KY, 40509 (the "Property"). The Note was endorsed via allonges from Wilmington Finance, a division of AIG Federal Savings Bank to Popular Financial Services, LLC, from Popular Financial Services, LLC to JP Morgan Chase Bank as trustee for the benefit of the certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3, to the Bank of New York Mellon fka The

3

Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3.

## II. ARGUMENT

The Trustee cannot avoid Defendant's secured mortgage lien pursuant to 11 U.S.C. § 544(a). As set forth above, the subject Mortgage was recorded on February 4, 2005 at Book 5191, Page 108. This Petition was filed on March 25, 2010. Because, at the time this Petition was filed, Defendant's Mortgage was recorded and validly perfected, this Complaint must be dismissed.

The Trustee asserts that his interest in the Property is superior to the interests of all Defendants because he acquired the status of a judicial lien creditor as of the date of the filing of the Chapter 7 petition under 11 U.S.C. §544(a). However, in order to prevail on such a claim, "the Trustee must be able to establish that a judicial lien creditor could assert a superior lien on the date of the bankruptcy filing." *In re: Fred Allen*, Case No. 08-51728, Adv. No. 09-5007 at *8. In other words, "if a judicial lienholder cannot avoid the mortgage, the Trustee has no other power to prevent the mortgagee from foreclosing on its properly perfected mortgage." *Id.* Pursuant to Kentucky law, notice of an interest in property is established by proof that the interest is properly recorded in the office of the county clerk. *State Street Bank & Trust Co. v. Heck's Inc.*, 963 S.W.2d 626, 630 (Ky. 1998). Accordingly, where an interest is properly recorded with the county clerk prior to the recording of the interest of a judicial creditor, the prior recorded interest cannot be avoided.

In *In re Allen*, the Trustee attacked the security interest of mortgage lien based upon alleged defects in the endorsement of the Note. There, the Court stated that a Trustee cannot avoid a valid, perfected security interest, simply by asserting some defect in a Note endorsement. Rather, a Trustee must prove some defect in the priority of the recording of the mortgage such that a judicial lien creditor would be able to assert a superior lien. Here, the Trustee cannot do so. In fact, the Trustee has not even asserted any such fact. Rather, just as was the case in *In re Allen*, the Trustee is simply asserting defects in the assignment and endorsement of the Note. Accordingly, this Complaint must be dismissed.

### III. CONCLUSION

Because the Trustee herein has plead only alleged insufficiencies in the endorsement of the Note and has not proven, or even alleged, any deficiencies in the recorded, perfected Mortgage, this Complaint fails as a matter of law and must be dismissed.

Respectfully submitted,

/s/ Blaine J. Edmonds, III
Blaine J. Edmonds, III (KBA# 90859)
Amanda V. Green, (KBA# 89778)
Nielson & Sherry, PSC
N & S Case No. C0901288
639 Washington Avenue
Newport, KY 41071
Phone: (859) 655-8460
Fax: (859) 655-8461
Email: bankruptcy@nsattorneys.com

### NOTICE OF HEARING

Please take notice that a hearing is scheduled for this Motion to Dismiss on October 21, 2010 at 9:00 a.m. in the U.S. Bankruptcy Court, Lexington, KY.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically and/or by regular US Mail, postage prepaid, this ___8___ day October, 2010 on the following:

/s/ Blaine J. Edmonds, III
Blaine J. Edmonds, III

**By Notice of Electronic Filing To:**

United States Trustee
Trustee
Debtor(s) Attorney

**By United States Mail To:**

Elizabeth R. Collins
350 E. Short Street, #230
Lexington, KY  40507