## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  ELIZABETH R. COLLINS | : | **CHAPTER 13** |
| | : | **Jointly Administered** |
| **Debtors** | : | **Case No. 10-50990** |
| | : | |
| | : | **Judge Joseph M. Scott, Jr.** |
| **J. JAMES ROGAN, TRUSTEE** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Adversary Proceeding No. 10-05065** |
| | : | |
| | : | |
| **LITTON LOAN SERVICING, LP** | : | |
| **THE BANK OF NEW YORK MELLON** | : | |
| **FKA THE BANK OF NEW YORK AS** | : | |
| **SUCCESSOR TO JP MORGAN CHASE** | : | |
| **BANK, N.A., AS TRUSTEE FOR THE** | : | |
| **BENEFIT OF THE CERTIFICATE-** | : | |
| **HOLDERS OF POPULAR ABE, INC.** | : | |
| **MORTGAGE PASS-THROUGH** | : | |
| **CERTIFICATES SERIES 2005-3** | : | |
| | : | |
| **AIG FEDERAL SAVINGS BANK DBA** | : | |
| **WILIMINGTON FINANCE** | : | |
| | : | |
| **GMAC MORTGAGE, LLC** | : | |
| **Defendant** | : | |

## MOTION TO ALTER, AMEND, OR VACATE THE DEFAULT JUDGMENT
## ENTERED ON OCTOBER 8, 2010

*****

Comes now Defendant, Litton Loan Servicing, LP and the Bank of New York Mellon fka the Bank of New York as successor to JP Morgan Chase Bank, N.A., as Trustee for the Benefit of the Certificatehlders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3 ("Movant") by and through counsel, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and hereby moves this Court for an Order to Alter, Amend, or Vacate its Default Judgment (Doc. 19) entered October 8, 2010 that granted Plaintiff Default Judgment against Defendant, AIG Federal Savings Bank, d/b/a Wilmington Finance and/or to grant Defendant relief from that Default Judgment as follows.

As grounds therefore, Movant states that AIG Federal Savings Bank, d/b/aWilimington Finance is its predecessor in interest. Specifically, On January 28, 2005, Debtor Elizabeth Collins, ("Debtor") executed and delivered a Promissory Note ("Note") to Defendants, Wilmington Finance, a division of AIG Federal Savings Bank ("Wilmington"), in the original principal amount of $135,200.00. To secure payment of the Note, Debtor executed a Mortgage ("Mortgage") in favor of Wilmington which was recorded in Fayette County on February 4, 2005. The subject Mortgage conveyed to Wilmington an interest in the real property commonly known as 200 - 202 Simba Way, Lexington, KY, 40509 (the "Property"). It is through this Note and Mortgage, originally given to Wilmington, that Movant now claims an interest in the property.

The Note was subsequently endorsed via allonges from Wilmington Finance, a division of AIG Federal Savings Bank to Popular Financial Services, LLC, from Popular Financial Services, LLC to JP Morgan Chase Bank as trustee for the benefit of the certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-

3, to the Bank of New York Mellon fka The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3.

Accordingly, any interest that Defendant Wilmington has ever had in the subject property is the same interest which Movant now holds. To the extent that the Default Judgment entered herein may in any way affect Movant's interests in the property and/or preclude Movant's ability to enforce its rights in the property, Movant requests that the Default Judgment be vacated. Alternatively, Movant requests that it be amended to clarify that it is in no way impeding Movant's interest in the property.

In order to grant a motion brought under Rule 59(e) this Court may, in its discretion, alter or amend its judgment if there is a manifest error of fact or law. *In re Montalvo*, 329 B.R. 234 (Bankr. W.D. Ky. 2005). As a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained within Fed. R. Civ. P. 60(b). Those reasons include: mistake, inadvertence, surprise or excusable neglect; satisfaction of the judgment; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (5) and (6). Courts have "considerable discretion" in granting a motion for relief from judgment under this rule. *See Coleman-Bey v. Bouchard*, 287 Fed. Appx. 420 (6th Cir. 2005); and *Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund*, 249 F.3d 519.

Here, Neither this Defendant nor its counsel represent Wilmington. However, as set forth above, Wilmington no longer has any interest in the Property as that interest was passed to Defendant prior to the initiation of this action. Accordingly, Wilmington should not have been named as a party herein. Because this Defendant and its counsel do

not represent Wilmington, it was not prudent to file an Answer on their behalf. It was

intended to file a response to Plaintiff's Motion for Default Judgment. However, the

Default Judgment was entered less than one day after said Motion was filed, precluding

counsel's ability to file said objection. Accordingly, Defendant now requests this Court

to amend the Default Judgment so that it has no negative impact upon Defendant's rights.

Therefore, Defendant respectfully requests the Court alter, amend, or vacate its

October 8, 2010 Order.

Respectfully submitted:

Blaine J. Edmonds, III (KBA# 90859)
Attorney for Plaintiff
Nielson & Sherry, PSC
639 Washington Avenue
Newport, Kentucky 41071
(859) 655-8430 tel
(859) 655-8421 fax

## NOTICE OF HEARING

Please take notice that a hearing is scheduled for this Motion to Vacate, Alter, or Amend

on October 21, 2010 at 9:00 a.m. in the U.S. Bankruptcy Court, Lexington, KY.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the method set forth below, upon the below listed parties, on October 15, 2010.

/s/ Blaine J. Edmonds, III

**By Notice of Electronic Filing To:**
United States Trustee
Trustee
Debtor(s) Attorney

**By United States Mail To:**

Elizabeth R. Collins
350 E. Short Street, #230
Lexington, KY  40507
Debtor(s)