ELECTRONIC CITATION: 2011 FED App. 0010P (6th Cir.)
File Name: 11b0010p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: ELIZABETH R. COLLINS,<br><br>　　　　　　Debtor.<br><br>_____<br><br>J. JAMES ROGAN, Trustee,<br><br>　　　　　　Appellant,<br><br>　　v.<br><br>LITTON LOAN SERVICING, L.P.,<br>THE BANK OF NEW YORK, MELLON FKA<br>THE BANK OF NEW YORK AS SUCCESSOR<br>TO JP MORGAN CHASE BANK, N.A., AS<br>TRUSTEE FOR THE BENEFIT OF THE<br>CERTIFICATE HOLDERS OF POPULAR, ABS,<br>INC. MORTGAGE PASS-THROUGH<br>CERTIFICATES SERIES 2005-3,<br><br>AIG FEDERAL SAVINGS BANK DBA<br>WILMINGTON FINANCE,<br><br>CITIBANK, NA, and<br><br>GMAC MORTGAGE LLC,<br><br>　　　　　　Appellees. | No. 10-8085 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Bankruptcy Case No. 10-50990; Adv. Proceeding No. 10-05065

Argued: May 4, 2011

Decided and Filed: August 12, 2011

Before: BOSWELL, HARRIS, and RHODES, Bankruptcy Appellate Panel Judges.

## COUNSEL

**ARGUED:** J. James Rogan, J. JAMES ROGAN, P.S.C., Danville, Kentucky, for Appellant. Blaine J. Edmonds III, NIELSON & SHERRY, PSC, Newport, Kentucky, Andrew L. Brasher, BRADLEY ARANT BOULT CUMMINGS LLP, Birmingham, Alabama, for Appellees. **ON BRIEF:** J. James Rogan, J. JAMES ROGAN, P.S.C., Danville, Kentucky, for Appellant. Blaine J. Edmonds III, Richard M. Nielson, NIELSON & SHERRY, PSC, Newport, Kentucky, Andrew L. Brasher, Marc James Ayers, BRADLEY ARANT BOULT CUMMINGS LLP, Birmingham, Alabama, for Appellees.

## OPINION

STEVEN RHODES, Bankruptcy Appellate Panel Judge. J. James Rogan, the trustee in this chapter 7 case, appeals an opinion and order of the bankruptcy court dismissing his complaint. The complaint sought a declaratory judgment to determine the validity, extent, and priority of liens on the real property of the debtor, Elizabeth Collins, held by defendants Litton Loan Servicing, Bank of New York, GMAC Mortgage, and Wilmington Finance. The trustee also appeals an opinion and order of the bankruptcy court granting a motion to vacate the default judgment entered against Wilmington Finance.

For the reasons that follow, as to defendants Litton Loan Servicing and Bank of New York, the Panel vacates the dismissal and remands the matter for further proceedings to determine who was the holder of the first mortgage on the date of filing, and if it was either Litton Loan Servicing or Bank of New York, then whether either was the holder of a fully and properly indorsed note.

As to defendant GMAC Mortgage, the Panel vacates the dismissal and remands the matter to the bankruptcy court for a determination of the validity and priority of GMAC Mortgage's lien.

As to Wilmington Finance, the Panel affirms the bankruptcy court's opinion and order vacating the default judgment against Wilmington Finance and dismissing the complaint, because it is clear from the record that when the debtor filed bankruptcy, Wilmington no longer had an interest in that mortgage.

## I. ISSUES ON APPEAL

The issues raised by this appeal are: (1) whether the bankruptcy court erred in dismissing the trustee's complaint against GMAC Mortgage pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) whether the bankruptcy court erred in dismissing the trustee's complaint against Litton Loan Servicing and Bank of New York pursuant to Federal Rule of Civil Procedure 12(c); and, (3) whether the bankruptcy court abused its discretion in vacating the default judgment against Wilmington Finance.

## II. JURISDICTION AND STANDARD OF REVIEW

The Panel has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and none of the parties timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order dismissing an adversary complaint under Federal Rule of Civil Procedure 12(b)(6) or (c) is a final, appealable order. *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288, 292 (B.A.P. 6th Cir. 2008).

The court's order granting the motion to set aside the default judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) is an interlocutory order. The Panel may review it after entry of a final judgment in the adversary proceeding. *See Rogan v. Countrywide Home Loans, Inc. (In re Brown)*, 413 B.R. 700, 702 (B.A.P. 6th Cir. 2009). The bankruptcy court's order did not explicitly state that the case was dismissed as to Wilmington Finance following the order setting aside the default. However, the opinion and order did dismiss the adversary proceeding as to all of the remaining defendants and it is reasonably clear from the order and the docket that the bankruptcy court and the parties viewed the opinion and order as ending the adversary proceeding as to all of

the defendants. (Bankr. Ct. Mem. Op. & Order, adv. proc. no. 10-05065, dkt. #39 at 13.)[1] In the interest of judicial economy, the Panel will review the order setting aside the default at this time rather than remand for a final order to be entered.[2]

The bankruptcy court's order dismissing the trustee's complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 902 (6th Cir. 2009). Likewise, a judgment on the pleadings granted pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is reviewed *de novo*, using the same standard as that applied to review of a motion to dismiss under Rule 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for dismissal of a complaint prior to filing a responsive pleading. Such a motion challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined

---

[1] In this opinion, citations to the docket in adversary proceeding 10-05065 will be cited as "adv. proc. dkt. # __." Citations to the docket in bankruptcy case 10-50990 will be cited as "bankr. dkt. # __."

[2] The Panel also notes that in this case the bankruptcy court entered an opinion and order without entering a separate final judgment pursuant to Federal Rule of Civil Procedure 58(a). The Panel holds that because the parties have assumed the time to appeal has begun to run and acted accordingly, technical compliance with Rule 58(a) is not necessary. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S. Ct. 1117 (1978). Accordingly, the Panel has jurisdiction to hear this appeal even though there was no separate final judgment.

to fail[.]" *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 1832 (1989)). A complaint survives a Rule 12(b)(6) motion if the "[f]actual allegations [are] enough to raise a right to relief above the speculation level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). A complaint need only provide enough facts to "state a claim to relief that is plausible on its face." *Id.* at 570. In the face of a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the plaintiff, the allegations of the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 903. "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The granting of relief under Federal Rule of Civil Procedure 60(b)(6) is reviewed for an abuse of discretion. *Brown*, 413 B.R. at 702. "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Murray, Inc.*, 392 B.R. at 296 (quotation marks and citation omitted).

> An abuse of discretion is defined as a definite and firm conviction that the court below committed a clear error of judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*Mayor of Balt., Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002) (internal quotation marks and citations omitted).

### III. FACTS

The facts reviewed here are taken from the trustee's complaint, the parties' briefs, the bankruptcy court's opinion and order, and the documents designated as part of the record on appeal.

On January 28, 2005, the debtor and her ex-husband granted a first mortgage on their home to Wilmington Finance, a division of AIG Federal Savings Bank, to secure a loan of $135,200. On February 4, 2005, this mortgage was recorded. (adv. proc. dkt. #1 at 2, ¶ 5-6.)

Also on January 28, 2005, the debtor granted a second mortgage on the same property to Wilmington Finance to secure a loan of $33,800. The second mortgage was also recorded on February 4, 2005. (adv. proc. dkt. #1 at 2, ¶ 7-8.)

Five years later, on March 25, 2010, the debtor filed her petition for bankruptcy relief. (bankr. dkt. #1.) The histories of the two mortgages, both before and after the petition date, are quite diverse, as demonstrated below.

## A. The History of the First Note and Mortgage (Litton Loan Servicing and Bank of New York)

On the day after the first mortgage was recorded, February 5, 2005, Wilmington Finance assigned the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). On June 16, 2005, this assignment was recorded. (Addendum to Br. of Bank of New York, February 16, 2011, app. case no. 10-8085, ex. 2.)

The record also includes an assignment dated March 26, 2010, the day after the debtor filed bankruptcy. MERS assigned this mortgage to the Bank of New York Mellon f/k/a The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as trustee for the benefit of the certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3 c/o Litton Loan Servicing. (bankr. claim 1-1.) On April 7, 2010, which was twelve days after the debtor filed bankruptcy, this assignment was recorded. Thus, on the day that the debtor filed bankruptcy, it appears that neither Bank of New York nor Litton Loan Servicing held any interest in the first mortgage. Inexplicably however, the debtor listed Bank of New York/Litton Loan Servicing on schedule D as the secured creditor holding the first mortgage. (bankr. dkt. #1.) Schedule D appears to have been filed on the date of the petition. The record does not provide an explanation for how the debtor would have known that Bank of New York/Litton Loan Servicing would be the secured creditor prior to the assignment.

Litton Loan Servicing filed a proof of claim on May 7, 2010. Attached to the proof of claim are copies of the recorded first mortgage, the MERS assignment of mortgage to Bank of New York, and the note. (bankr. claim 1-1.)

As to the note, the record does not demonstrate a complete chain of indorsements. The record discloses an indorsement from Wilmington Finance to Popular Financial Services, LLC, and

an indorsement from Popular ABS, Inc. to JP Morgan Chase Bank as trustee for the benefit of the certificate holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-3. There is, however, no indorsement from Popular Financial Services, LLC to Popular ABS, Inc. By an allonge dated May 25, 2010, executed by Paul D. Savitsky, Vice President of JP Morgan Chase Bank, JP Morgan Chase Bank transferred the note to Bank of New York. (bankr. dkt. #19.)

On April 9, 2010, Litton Loan Servicing filed a motion for relief from automatic stay. (bankr. dkt. #11.) The trustee objected to the motion on the ground that the note payable to Wilmington Finance was not indorsed by Wilmington Finance nor was there an allonge attached to the note. In response to the trustee's objection, Litton Loan Servicing produced the allonge dated May 25, 2010, described above. (bankr. dkt. #19, ex. A.)

On May 27, 2010, the bankruptcy court held a hearing on Litton Loan Servicing's motion for relief from stay. On June 8, 2010, an agreed order was entered granting the trustee 40 days within which to file an adversary proceeding against Litton Loan Servicing.

On July 15, 2010, the trustee filed this adversary complaint. The trustee asserted priority over the first mortgage then held by Bank of New York pursuant to 11 U.S.C. § 544 because Bank of New York had failed to produce a prepetition executed indorsement or assignment of the note payable to Wilmington Finance, and therefore had "judicially admitted it does not have in its possession a properly indorsed note and that it does not have an attachment to a right to payment of said note." (adv. proc. dkt. #1 at 5, ¶ 20.) The trustee further asserted that, as a result, the Bank of New York had not perfected an attachment of the mortgage prior to the filing of the debtor's petition, and therefore, was not actually a creditor of the debtor. (adv. proc. dkt. #1 at 5, ¶ 21-22.)

On August 19, 2010, Litton Loan Servicing and Bank of New York filed an answer to the trustee's complaint. Attached to their answer was the first mortgage and note containing the indorsements and allonges described above. (adv. proc. dkt. #7.)

On October 8, 2010, Litton Loan Servicing and Bank of New York also filed a motion to dismiss the trustee's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim upon which relief may be granted.[3] (adv. proc. dkt. #20.) In their motion, they contended that because the trustee asserted deficiencies in the indorsements to the note only, and not deficiencies in the first mortgage, the trustee could not prevail.

The bankruptcy court first rejected the trustee's argument that there was no right of payment because the indorsements were dated postpetition. The court based this conclusion on the Sixth Circuit's holding in *Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566-67 (6th Cir. 2006), that the recording of an assignment of a mortgage postpetition is not a violation of the automatic stay because the property transferred is not that of the debtor but is only an equitable interest of the mortgagee. "Certainly, if the filing of an assignment of a mortgage can be done postpetition, then the indorsement of a note can be done postpetition. The assignor transferred no interest of the property belonging to the Debtor, but rather only its own interest in being paid by the Debtor." (adv. proc. dkt. #39, at 11.)

Turning next to the trustee's argument that Litton Loan Servicing and Bank of New York are not entitled to payment because the indorsements on the note do not properly transfer the note to Bank of New York, the bankruptcy court explained:

> [T]he assignment of the mortgage transfers "all of Assignor's right, title and beneficial interest in and to that certain mortgage" (Proof of Claim No. 1 at 28). The assignment then describes the certain mortgage as the First Mortgage involved in this adversary. The assignment describes the "Loan" the $135,200.00 note involved in this adversary proceeding and then states "[t]his Security Instrument [the mortgage] secures to Lender (i) *the repayment of the Loan.*" (Proof of Claim No. 1 at 5-6) (emphasis added). Therefore, contrary to the Trustee's argument that Bank of New York does not have a right to payment under the Bank of New York Note, the assignment provides it with that right by transferring all of Wilmington's right, title and beneficial interest in the First Mortgage.

*Id.*

---

[3] Because the motion to dismiss was not filed prior to the filing of an answer, the bankruptcy court treated the motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(h)(2), which provides, "[f]ailure to state a claim upon which relief can be granted, . . . may be raised . . . by a motion under Rule 12(c)." *See also, Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985) (treating untimely Rule 12(b)(6) motion as motion for judgment on pleadings under Rule 12(c)).

Finally, in regard to Litton Loan Servicing and Bank of New York, the bankruptcy court held that "even if the Bank of New York Note is not properly indorsed to Bank of New York, the trustee cannot step in ahead of the party that does hold the note because there is a properly perfected first Mortgage which is, unless the trustee could have the First Mortgage released of record, superior in all ways to his rights as a judicial lienholder." (*Id.* at 11-12.)

**B. The Subsequent History of the Second Mortgage (GMAC Mortgage)**

The record does not contain any significant information regarding the subsequent history of the second mortgage after the debtor granted it to Wilmington Finance. The debtor's Schedule D listed GMAC Mortgage as the second mortgagee in the amount of $31,390.52. GMAC Mortgage, however, has not filed a proof of claim, nor has it filed a copy of any mortgage or note.

In the adversary complaint against GMAC Mortgage, the trustee alleged that as a result of the failure of Wilmington Finance and GMAC Mortgage to file a proof of claim that contained an executed note, properly indorsed, to evidence the indebtedness described in the second mortgage, there is no evidence of indebtedness secured by the second mortgage. Therefore, the trustee asserted that his strong arm powers granted him an interest in the property that is superior to that of Wilmington Finance and GMAC Mortgage, and that he can sell the property free and clear of the second mortgage.

On August 19, 2010, GMAC Mortgage, as mortgage servicing agent for Citibank, filed a motion to dismiss the trustee's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (adv. proc. dkt. #8.) GMAC Mortgage also filed an answer to the complaint on August 19, 2010. (adv. proc. dkt. #9.) In its answer to the complaint, GMAC Mortgage asserted that it is the beneficial owner and holder of the Citibank note and second mortgage and is entitled to enforce them pursuant to Kentucky Revised Statute § 355.3-202, *et seq.* In its memorandum in support of its motion to dismiss, GMAC Mortgage asserted that the Citibank note was indorsed by means of an allonge from Wilmington Finance to Sovereign Bank and that Sovereign Bank subsequently indorsed the note in blank. GMAC Mortgage further asserted that it is in possession of the original note and mortgage. (adv. proc. dkt. #8, at 3.) GMAC Mortgage did not, however, produce any of these documents.

At oral argument on this appeal, counsel for GMAC Mortgage admitted that it has not yet produced the original note signed by the debtor.

**C. Wilmington Finance**

On September 30, 2010, the bankruptcy court issued an order directing the trustee to file a motion for default judgment against Wilmington Finance, a named defendant that had not responded to the trustee's complaint. (adv. proc. dkt. #16.) On October 7, 2010, the trustee filed the motion (adv. proc. dkt. #18), and on October 8, 2010, a default judgment was entered. (adv. proc. dkt. #19.) The judgment granted the trustee a priority over any interest of Wilmington Finance.

On October 15, 2010, Litton Loan Servicing and Bank of New York filed a motion to alter, amend or vacate the default judgment against Wilmington Finance. (adv. proc. dkt. #22.) The motion was based upon the assertion that Wilmington Finance was the predecessor in interest to Litton Loan Servicing and Bank of New York, and that any interest Wilmington Finance had is now held by Litton Loan Servicing and Bank of New York. Therefore, they asserted that Wilmington Finance should not have been named a party and should not have been required to file responsive pleadings.

As discussed in detail below, the bankruptcy court granted Litton Loan Servicing's motion and vacated the default judgment against Wilmington Finance and dismissed the claim as against Wilmington Finance. The bankruptcy court's opinion and order appears to order that result as to both the first and second mortgages, even though only the creditors who were asserting an interest in the first mortgage had claimed that the judgment prejudiced them and had requested that relief. Regardless, the trustee's brief on appeal does not argue that it was error for the bankruptcy court to vacate the default judgment and dismiss his claim against Wilmington Finance as to the second mortgage. Accordingly, the Panel will not further address this aspect of the bankruptcy court's decision.

## IV. DISCUSSION

**A. 11 U.S.C. § 544 and Kentucky Law Regarding Lien Creditors**

The trustee's complaint alleges that his interest in the debtor's property is superior to that of Litton Loan Servicing and GMAC Mortgage by virtue of his status of a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1) as of the commencement of the debtor's case. Section 544(a)(1) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -
>
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists;

Section 544(a)(1) grants a bankruptcy trustee "the status of a hypothetical lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition[,]" *Cook*, 457 F.3d at 564, and also grants the trustee the power to avoid transfers of property that could be avoided by a judicial lien creditor. *See Palmer v. Washington Mut. Bank (In re Ritchie)*, 416 B.R. 638, 643 (B.A.P. 6th Cir. 2009). "One of these powers is the ability to take priority over or 'avoid' security interests that are unperfected under applicable state law[.]" *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir. 2001) (citation omitted). Under § 544(a)(1), if a lien against the debtor's property was improperly perfected, or not perfected at all, before the bankruptcy petition was filed, the trustee may take priority. *Drown v. Perfect (In re Giaimo)*, 440 B.R. 761, 765 (B.A.P. 6th Cir. 2010).

"Kentucky law governs the question of whether [the creditor] has a perfected security interest in the promissory note that is superior to . . . the bankruptcy trustee." *Cook*, 457 F.3d at 566. Under Kentucky law, a "lien creditor" includes a "trustee in bankruptcy." Ky. Rev. Stat. Ann. § 355.9-102(1)(az)(3).

A security interest is subordinate to the rights of a person that becomes a lien creditor before the security interest is perfected. Ky. Rev. Stat. Ann. § 355.9-317(1)(b). " '[A] person who becomes a lien creditor before a security interest is perfected will defeat the security interest [.]' " *S. Bay Enters., Inc. v. Mirada Bay Petroleum, Inc.*, 957 S.W.2d 287, 288 (Ky. Ct. App. 1997) (quoting D. Leibson & R. Nowka, *The Uniform Commercial Code of Kentucky*, § 10.4(B)(1) (2nd ed. 1992)).

Therefore, 11 U.S.C. § 544 and Kentucky law, operating together, provide that the trustee's interest as a hypothetical judicial lien creditor is superior to those security interests which are unperfected as of the filing of the petition.

Under Kentucky law, without evidence of debt, there is no valid, enforceable mortgage. "A mortgage may be enforced only by . . . a person who is entitled to enforce the obligation the mortgage secures." *Restatement (Third) of Property: Mortgages*, § 5:4 (1997). "[A] mortgage is merely incident to the debt or obligation it is given to secure[.]" *Warning's Ex'r v. Tabeling*, 133 S.W.2d 65, 67 (Ky. 1939); *see also Grafton v. Shields Mini Markets, Inc.*, No. 2009-CA-001862-MR, 2011 WL 112833, *5 (Ky. Ct. App. Jan. 14, 2011). A mortgage is valid and enforceable only if the underlying debt continues to be an enforceable obligation. *Craddock v. Lee*, 61 S.W. 22 (Ky. 1901). "[W]ithout the debt, there is no mortgage." *Wells Fargo Fin. Ky., Inc. v. Thomer*, 315 S.W.3d 335, 339 (Ky. Ct. App. 2010); *see also Peoples Bank of Polk Cnty. v. McDonald (In re Maryville Sav. & Loan Corp.)*, 743 F.2d 413 (6th Cir. 1984) (analyzing security interest in promissory notes only secured by deed of trust under Tennessee's adoption of Uniform Commercial Code; interest in deed of trust analyzed under real estate laws); *McTevia v. Adamo (In re Atlantic Mortg. Corp.)*, 69 B.R. 321 (Bankr. E.D. Mich. 1987) (holding that mortgage lender investor without possession of underlying note holds mere unperfected security interest and trustee's strong arm powers under 11 U.S.C. § 544(a)(1) defeat investor's claim arising from promissory note); *Prime Fin. Servs., LLC v. Vinton*, 761 N.W.2d 694, 699 (Mich. Ct. App. 2008) (holding that "Article 9 governed the creation of the security interests at issue and that an assignment of mortgage can give no greater rights to the assignee than it has in the note underlying the mortgage.").

1. *The trustee has stated a claim under § 544 against GMAC Mortgage as to the second mortgage.*

GMAC Mortgage asserts that the "Bankruptcy Court properly held that the mortgage lien has priority over any hypothetical lien rights of the trustee, no matter who holds the note secured by the mortgage." (GMAC Mortgage's Br. at 10.) However, the issue in a § 544 claim is whether *on the date of filing*, the defendant holds a properly perfected enforceable mortgage that is superior to the trustee's status as a hypothetical judicial lien creditor. To survive a motion to dismiss, the trustee does not have to prove his case; he must simply assert a plausible argument that the creditor did not have a properly perfected mortgage *on the date of filing*.

GMAC Mortgage asserts that because the trustee admits that the second mortgage was properly perfected,[4] the trustee's complaint fails to state a claim on which relief may be granted. In support of this position, GMAC Mortgage cites Kentucky law that notice of an interest in property is established by proof that the interest is properly recorded in the office of the county clerk, *State Street Bank & Trust Co. v. Heck's Inc.*, 963 S.W.2d 626, 630 (Ky. 1988), and that mortgages are given priority in the order in which they are recorded. Ky. Rev. Stat. Ann. § 382.280. GMAC Mortgage further cites three decisions in the Bankruptcy Court for the Eastern District of Kentucky where this trustee unsuccessfully made similar arguments, attacking possession of notes, indorsements of notes, and assignments. *See Rogan v. Deutsche Bank Nat'l Trust Co. (In re Watkins)*, Adv. Nos. 10-5009, 5001 (Bankr. E.D. Ky. Nov. 24, 2010); *Rogan v. Mila, Inc. (In re Allen)*, Adv. No. 09-5007, 2010 WL 3168094 (Bankr. E.D. Ky. Aug. 11, 2010); and *Rogan v. Citimortgage, Inc. (In re Jessup)*, Adv. No. 09-5229, 2010 WL 2926050, *4 (Bankr. E.D. Ky. July 22, 2010) ("All the theories advanced by the Plaintiff as to the alleged invalidity of the Mortgage or possession of the Note have been countered by the Defendants with affidavits [.]").

However, GMAC Mortgage's reliance on those cases is misguided because each of those prior cases was before the bankruptcy court on cross-motions for summary judgment, and the

---

[4] The trustee's complaint before the bankruptcy court and appellate briefs in this proceeding do not concede that the first and second mortgages were properly perfected. The trustee concedes that the parties recorded the mortgages. However, the trustee argues that the mortgages are not enforceable under Kentucky law if the alleged secured parties cannot show evidence of the debt allegedly secured.

creditors presented evidence that they had properly perfected their security interests, were holders of the notes and therefore had a right to payment.

To the contrary, this case was before the bankruptcy court on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, if the trustee's complaint "state[s] a claim to relief that is plausible on its face," the bankruptcy court erred in granting the GMAC Mortgage's motion in this case. *See Travel Agent Comm'n Antitrust Litig.*, 583 F.3d at 902.

As discussed above, in the absence of evidence of a note, the second mortgage of which GMAC Mortgage claims to be a beneficial owner and entitled to enforce is subject to attack by the trustee as a hypothetical judicial lien creditor. *See First Nat'l Bank of Boston v. Larson (In re Kennedy Mortg. Co.)*, 17 B.R. 957, 965 (Bankr. D.N.J. 1982) ("Without the manifestation of the debt, usually evidenced by a note . . . the mortgage instrument itself is subject to attack. The lien of a mortgage is regarded as no greater than the actual debt secured.").

With regard to the GMAC Mortgage second mortgage, paragraph 23 of the trustee's complaint alleges that because a proof of claim was not filed, "there is no evidence of indebtedness secured by the recorded mortgage[.]" The bankruptcy court focused on the argument that GMAC Mortgage was not obligated to file a proof of claim. However, the important point in this proceeding is that the trustee's complaint alleges that there is no evidence of indebtedness to GMAC Mortgage. The trustee's allegation, although perhaps inarticulate, is that GMAC Mortgage is not the holder of the note and cannot produce evidence of the debt. Therefore, assuming that the facts alleged by the trustee are true,[5] as is required when considering a Rule 12(b)(6) motion, the trustee's complaint states a plausible claim for relief against GMAC Mortgage, and we must conclude that the bankruptcy court erred in dismissing it under Rule 12(b)(6). If the trustee is able to prove the facts alleged in his complaint, then as a judicial lien creditor, the trustee would have priority over a creditor who is unable to prove an enforceable mortgage on the date of filing. Accordingly, the trustee's complaint states a plausible claim against GMAC Mortgage, and the bankruptcy court erred in dismissing the complaint pursuant to Rule 12(b)(6).

---

[5] In fact, in response to direct questions at oral argument, counsel for GMAC Mortgage was unwilling to represent that GMAC Mortgage is the holder of the note.

2. *The bankruptcy court must make further factual findings regarding Litton Loan Servicing and Bank of New York as to the first mortgage.*

Litton Loan Servicing makes arguments similar to those of GMAC Mortgage, asserting that "[b]ecause the First Mortgage was properly perfected at the time the petition was filed, the trustee may not exercise the strong-arm powers of 11 U.S.C. § 544(a) to assert priority over the First Mortgage." (Litton Loan Servicing's Br. at 13.)

The record with regard to the first mortgage is unclear. The documents strongly suggest that MERS was the secured party on the date of the filing of the petition. The complaint and the bankruptcy court's opinion discuss the chain of title from Wilmington Finance to Bank of New York to Litton Loan Servicing. They do not mention MERS. However, the documentation attached to the complaint and in the record on appeal suggests that Wilmington Finance transferred the mortgage to MERS shortly after the debtor granted the first mortgage. Moreover, Bank of New York attached a copy of an Assignment from Wilmington Finance to MERS dated February 5, 2005. MERS properly perfected and recorded the mortgage on June 16, 2006. Therefore, it appears MERS was the secured creditor on the date the petition was filed, March 25, 2010.

MERS transferred the mortgage to Bank of New York on March 26, 2010. The complaint does not challenge the status of MERS as a properly perfected secured creditor on the date of the filing of the bankruptcy petition. However, the Panel also notes that the debtor listed Litton Loan Servicing as servicing agent for Bank of New York on schedule D filed with the petition. The record suggests no explanation for how Litton Loan Servicing was listed on the schedules on the date of filing if the assignment of the mortgage did not occur until after the petition was filed.

Moreover, the trustee's allegations regarding Litton Loan Servicing only address the postpetition chain of title. However, such challenges to the right to payment of a postpetition assignee should be made in an objection to a proof of claim or, if necessary, in an objection to a motion for relief from stay. A § 544 claim addresses the trustee's power as a hypothetical judicial lien creditor *on the date of the filing*.

Therefore, in order to determine whether the trustee stated a proper claim under § 544, it is important to determine who was the secured party on the date of the filing of the petition. The

trustee's brief asserts that there is no evidence of a transfer of the mortgage from Wilmington Finance to MERS. However, Bank of New York attached as an addendum to its appellate brief a copy of an assignment from Wilmington Finance to MERS. The trustee named Wilmington Finance as a party and, in fact, obtained a default judgment against Wilmington Finance. The trustee also named Litton Loan Servicing and Bank of New York and made allegations regarding the chain of title. However, the trustee did not name MERS in the complaint. The bankruptcy court must determine, as of the date of the bankruptcy filing, the status of the first mortgage and note. If the trustee's complaint does not challenge the perfection or enforceability of the note and mortgage as it was held on that date, then it does not state a claim under § 544.

Therefore, the Panel vacates the order of the bankruptcy court dismissing the trustee's complaint as to Bank of New York and Litton Loan Servicing, and remands for further proceedings. The bankruptcy court's first task is to determine who held the first mortgage on the date of the petition, MERS or Litton Loan Servicing and Bank of New York. The fact that the debtor listed Bank of New York c/o Litton Loan Servicing on the petition suggests that a transfer may have occurred prior to the filing of the petition. However, the Panel cannot make this determination from the record before it. If the bankruptcy court determines that MERS was the secured creditor on the date of the filing, then Bank of New York and Litton Loan Servicing are not proper parties to the trustee's § 544 claim because they were not secured creditors on the date of the filing.[6] If the bankruptcy court determines that Bank of New York/Litton Loan Servicing was the secured creditor as of the date of filing, then the bankruptcy court must determine whether Bank of New York/Litton Loan Servicing can establish a proper chain of title of the note to establish its right to payment.

**B. Motion to Alter, Amend, or Vacate Default Judgment As to Wilmington Finance**

On October 8, 2010, the bankruptcy court entered a default judgment against Wilmington Finance. Litton Loan Servicing filed a motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) to alter, amend or vacate the default judgment against Wilmington Finance. Litton Loan Servicing asserted that Wilmington Finance was the predecessor in interest to Litton Loan Servicing and Bank of New York, and that any interest Wilmington Finance had is now held by Litton Loan

---

[6] The issue of whether the complaint could be amended to add MERS as a party is not before the Panel.

Servicing and Bank of New York. Therefore, they asserted that Wilmington Finance should not have been named a party and should not have been required to file responsive pleadings. Litton Loan Servicing explained that it was seeking to vacate the default judgment "so that it has no negative impact upon [Litton Loan Servicing's] rights." (adv. proc. dkt. #22, at 4.)

The bankruptcy court found that the motion should be considered under Federal Rule of Civil Procedure 55(c) which provides that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Bankr. P. 7055(c). The court then stated that it was considering the motion under Rule 60(b)(6) for "any other reason that justifies relief." Finding that Wilmington Finance had nothing to lose in failing to file an answer, that there was no culpable conduct on the part of Wilmington Finance in failing to answer, and that the trustee would not be prejudiced by having the default vacated, the bankruptcy court granted Litton Loan Servicing's motion and vacated the default judgment. In so finding, the bankruptcy court applied the factors to be considered when a defendant invokes Rule 60(b)(1). *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (holding that the factors to be considered under 60(b)(1) are whether culpable conduct of the defendant led to the default, whether the defendant has a meritorious defense, and whether the plaintiff will be prejudiced).

The record establishes that Wilmington Finance assigned its interest in the first mortgage to MERS several years prior to the petition date. Neither the trustee nor any of the parties have alleged that Wilmington Finance had any interest in that mortgage on the date of the filing. Therefore, the record establishes that Wilmington Finance was not a proper party to the trustee's claim on the first mortgage. Accordingly, as to this claim, it is plain that the bankruptcy court did not abuse its discretion in setting aside the default judgment pursuant to Rule 60(b)(6) for "any other reason that justifies relief." *See Brown*, 413 B.R. at 706. Therefore, the Panel affirms the order of the bankruptcy court vacating the default judgment against Wilmington Finance. Additionally, the Panel affirms the bankruptcy court's implicit order dismissing the complaint as to Wilmington Finance.

## V. CONCLUSION

For the foregoing reasons, the opinion and order of the bankruptcy court dismissing the trustee's complaint as to GMAC Mortgage, Litton Loan Servicing and Bank of New York is vacated, and the matter is remanded for further proceedings consistent with this opinion. The opinion and order of the bankruptcy court vacating the default judgment and implicitly dismissing the complaint against Wilmington Finance is affirmed.